**Opinion issued April 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00028-CR

———————————

**ALFONSO BOSQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1359806**

---

## MEMORANDUM OPINION

Appellant Alfonso Bosquez pleaded guilty to the felony offense of assault of a family member and pleaded true to a felony enhancement. The trial court found appellant guilty, found the enhancement true, and, pursuant to appellant's plea agreement with the State, assessed punishment of confinement for two years.

Appellant, proceeding pro se, filed a notice of appeal. We dismiss the appeal for lack of jurisdiction.

The trial court's certification of appellant's right to appeal states that this is a plea bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The trial court did not rule adversely to appellant on any of his pre-trial motions and did not give permission for appellant to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Because appellant has no right of appeal, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d) (stating that appeal must be dismissed if certification showing that defendant has right of appeal has not been made part of record); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).